UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD LEE ARNOLD,

                    Plaintiff,

          -against-

SUPPORT ENFORCEMENT SERVICES, et al.,

                    Defendants.

1:24-CV-7228 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

By order dated September 30, 2025, the Court dismissed this action, in which Plaintiff Edward Lee Arnold, of New Britain, Connecticut, appears *pro se* and proceeds *in forma pauperis* ("IFP"). (ECF 7.) The Court, however, granted Plaintiff leave to file a second amended complaint with 30 days, as specified in that order. (*Id.*) On October 30, 2025, Plaintiff filed a motion for relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure ("Rule 60(b)(4)"), asserting that the applicable judgment is void (ECF 8), and a second amended complaint (ECF 10). One day later, on October 31, 2025, Plaintiff filed an "Affidavit of Standing." (ECF 9.)

In Plaintiff's Rule 60(b)(4) motion, Plaintiff asks the Court to: (1) "[d]eclare all enforcement actions taken under the name 'EDWARD LEE ARNOLD' unlawful and unconstitutional"; (2) "[v]acate all default judgments and arrears balances arising from defective service and overlapping enforcement"; (3) "[f]orgive and terminate all remaining child support obligations and arrears, consistent with prior actions taken by the State of Florida"; (4) "[o]rder full restitution of all funds seized from Plaintiff's paychecks, IRS refunds, bank accounts, and trading platforms from 2001 to present"; (5) "[a]ward compensatory damages totaling $25,000,000, calculated at $1,000,000 per year of harm endured"; and (6) "[a]ward punitive damages as the Court deems appropriate." (ECF 8, at 2.)

In Plaintiff's second amended complaint, Plaintiff asserts claims of violations of his federal constitutional rights as well as claims under the Fair Credit Reporting Act ("FCRA") and the Uniform Commercial Code. (ECF 10, at 1.) He names, as defendants, "Support Enforcement Services (SES), a state agency responsible for child support enforcement, as well as . . . officials, agents, and contractors acting under color of state law in connection with the enforcement and administration of child support obligations. These parties are sued in their official and individual capacities." (*Id.* at 2.) The Court, as it did in its September 30, 2025 order, understands Plaintiff's references to "SES" and to its employees, agents, and contractors to be references to the Office of Child Support Services ("OCSS"), which is not a New York State agency, but a subdivision of a New York City agency, that is, the New York City Department of Social Services's Human Resources Administration, and to unidentified OCSS employees, agents, and contractors. (*See* ECF 7, at 1.)

Plaintiff seeks, in his second amended complaint, the same relief that he seeks in his Rule 60(b)(4) motion. (ECF 10, at 3.) In addition, he seeks: (7) an injunction against "all further enforcement, reporting, or collection actions related to the void judgment"; (8) a declaration regarding "Plaintiff's fiduciary standing and protection under commercial equity"; (9) the Court's affirmation of "Plaintiff's right to rebuild his life, restore his credit, and pursue livelihood without interference"; and (10) "any further relief this Court deems just and proper." (*Id.* at 4.)

For the reasons discussed below, the Court denies Plaintiff's Rule 60(b)(4) motion. (ECF 8.) The Court construes it and his "Affidavit of Standing" (ECF 9) as supplements to Plaintiff's second amended complaint. (ECF 10.) The Court understands all of these submissions as asserting claims of federal constitutional violations under 42 U.S.C. § 1983 and claims under the

2

FCRA, under the court's federal question jurisdiction, as well as claims under state law, alternatively under the court's diversity jurisdiction or supplemental jurisdiction. For the reasons discussed below, however, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id*. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id*. (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

**A.    The Court's September 30, 2025 order**

The Court, in its September 30, 2025 order, understood Plaintiff's amended complaint as asserting claims of violations of federal constitutional rights under 42 U.S.C. § 1983 and claims under the FCRA, under the court's federal question jurisdiction, as well as claims under state law, alternatively under the court's diversity jurisdiction or supplemental jurisdiction. (*See* ECF 7, at 3, 3 n.1.)

The Court dismissed Plaintiff's claims under federal law that asked the Court to determine that Plaintiff does not have a child support obligation, including any child support arrears, under the domestic relations abstention doctrine applicable to the court's federal question jurisdiction. (*Id.* at 6-7.) The Court also dismissed Plaintiff's claims under state law, raised under the court's diversity jurisdiction, in which Plaintiff asked the Court to determine that he does not have a child support obligation, including any child support arrears, under the domestic relations exception to the court's diversity jurisdiction. (*Id.* at 7-8.) The Court further dismissed, under the *Younger* abstention doctrine, any claims in which Plaintiff asked this Court to intervene in his ongoing state court child support proceedings. (*Id.* at 8-10.) In addition, the Court dismissed, under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction, Plaintiff's claims in which Plaintiff was seeking this Court's review and overturning of a final decision of the New York Family Court, Bronx County, or of another New York State court, with respect to its determination of his child support obligation, including child support arrears. (*Id.* at 10-11.)

The Court also understood Plaintiff's amended complaint as asserting claims, under 42 U.S.C. § 1983, of violations of Plaintiff's right of procedural due process with respect to his child support obligation, including any child support arrears. (*Id.* at 11-13.) After discussing the relevant law, the Court dismissed those claims. (*Id.* at 13.) This was because Plaintiff had not alleged facts showing that he had sought the available New York State administrative review of his child support obligation, under Article 52 of the New York Civil Practice Law and Rules ("Article 52") and, thereafter, New York State court judicial review, under Article 78 of the same ("Article 78"), or that either remedy was inadequate. (*Id.*) The Court noted that Plaintiff's amended complaint showed that Plaintiff had sought at least some sort of judicial review, but that his efforts to challenge his child support obligation, including any child support arrears, had been unsuccessful. (*Id.*) The Court determined that, if Plaintiff could not show that he sought Article 52 administrative review or Article 78 judicial review, he could not assert that he was denied procedural due process. (*Id.*) On that basis, the Court dismissed Plaintiff's Section 1983 claims of procedural due process violations for failure to state a claim on which relief may be granted, but in light of Plaintiff's *pro se* status, granted Plaintiff leave to replead those claims in a second amended complaint in which he was to allege facts sufficient to state such a claim. (*Id.*)

As mentioned above, the Court, in its September 30, 2025 order, understood Plaintiff's claims against "SES" as brought against OCSS. (*Id.* at 1.) The Court dismissed Plaintiff's claims against OCSS for failure to state a claim on which relief may be granted because OCSS (a subdivision of a New York City agency), unlike the City of New York itself, is not a suable entity. (*Id.* at 14.) The Court, however, construed Plaintiff's claims under Section 1983 against OCSS as brought against the City of New York. (*Id.*) The Court then dismissed those claims for failure to state a claim on which relief may be granted because Plaintiff had not alleged facts in

5

his amended complaint showing that a policy, custom, or practice of the City of New York contributed to a violation of his federal constitutional rights. (*Id.* at 15.) Yet, the Court granted Plaintiff leave to replead those claims in a second amended complaint in which he names the City of New York as a defendant, and in which he alleges facts sufficient to state a claim under Section 1983 against the City of New York. (*Id.*)

Plaintiff had named, as defendants in his amended complaint, what the Court construed as unidentified individual employees of OCSS. (*Id.* at 1.) The Court dismissed Plaintiff's Section 1983 claims against those individual defendants for failure to state a claim on which relief may be granted because Plaintiff had not alleged, in his amended complaint, anything about those individual defendants or how they were directly and personally involved in any of the alleged violations of Plaintiff's federal constitutional rights. (*Id.* at 16.) The Court, however, granted Plaintiff leave to replead those claims in a second amended complaint in which Plaintiff names, as defendants, individual state actors who were directly and personally involved in the violations of his federal constitutional rights and alleges facts showing their direct and personal involvement. (*Id.*)

The Court further construed Plaintiff's amended complaint as asserting claims, under the FCRA, arising from the defendants' alleged furnishing of Plaintiff's child support debt information to consumer reporting agencies. (*Id.* at 16-17.) The Court, however, dismissed those claims for failure to state a claim on which relief may be granted, without leave to replead them, because the Court observed that "'the FCRA does not provide a private cause of action for claims involving the furnishing of inaccurate information to credit reporting agencies.'" (*Id.* at 17) (citation omitted).

6

**B.      Plaintiff's second amended complaint, Rule 60(b)(4) motion, and "Affidavit of Standing"**

Plaintiff's second amended complaint asserts claims similar to, if not the same as, those claims that he raised in his amended complaint. He alleges that, "[f]rom 2001 to the present, he has been subjected to wage garnishments, federal tax intercepts, and financial levies initiated by both New York and Florida child support agencies, despite never receiving proper service, adjudication of paternity, or opportunity to contest the claims."[1] (ECF 10, at 2.) Plaintiff also alleges, in his second amended complaint, that he has "made multiple attempts to modify or terminate the support order, including personal appearances in New York Family Court in 2005-2006, 2012, 2019, 2023, and 2024. Each time, Plaintiff raised jurisdictional defects, lack of service, and overlapping enforcement-but was denied [a] meaningful remedy." (*Id.*) He further alleges that, "[i]n or around 2016-2017, a magistrate acknowledged the overlap and ordered closure of the New York obligation. However, enforcement continued, and the arrears balance was never reconciled or terminated." (*Id.*) In addition, Plaintiff states that he "reappeared in court in December 2023, February 2024, and June 2024, seeking termination of the obligation and relief from ongoing harm. Despite acknowledgment of service defects, the matter was deferred without resolution." (*Id.*)

In his Rule 60(b)(4) motion, Plaintiff asserts, among other things, that "[t]he original judgment was entered without proper service, jurisdiction, or adjudication of paternity, rendering it void under Rule 60(b)(4)." (ECF 8, at 1.) In his "Affidavit of Standing," Plaintiff asserts, also among other things, that he has "made multiple attempts to obtain [a] remedy through state and

---

[1] The Court quotes from the second amended complaint, Rule 60(b)(4) motion, and "Affidavit of Standing" verbatim. All spelling, grammar, and punctuation are as in the original submissions unless noted otherwise.

administrative channels, including three prior filings in superior courts, all of which were denied without full hearing or disclosure." (ECF 9, at 1.)

## DISCUSSION

### A.    Plaintiff's Rule 60(b)(4) motion

The Court must deny Plaintiff's Rule 60(b)(4) motion. Under Rule 60(b)(4), a party to a civil action in a federal district court may seek relief from a final judgment issued by that court for the reason that "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment to which that rule is referring is a final judgment issued by a federal district court in the federal civil action or proceeding in which the Rule 60(b)(4) movant is a party and not any other action in any other court, such as one in a state court. *See id.*; *see also* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts").

Plaintiff, in his Rule 60(b)(4) motion, seems to seek relief from state court judgments regarding his child support obligation, including any child support arrears. Even if he does not, and is seeking relief with respect to only this action in this court, his motion would still be inappropriate, as this Court has not yet issued any final judgment in this action that could be challenged via such a motion. The Court therefore denies Plaintiff's Rule 60(b)(4) motion and construes it as a supplement to Plaintiff's second amended complaint.

### B.    Plaintiff's claims under federal law

Plaintiff's second amended complaint, Rule 60(b)(4) motion, and "Affidavit of Standing" do not address the deficiencies contained in those claims in Plaintiff's amended complaint for which the Court, in its September 30, 2025 order, granted Plaintiff leave to replead. On the contrary, those submissions, if not overtly, in sum and substance, merely reiterate those deficient claims for which the Court granted Plaintiff leave to replead in its previous order, as well as

8

those claims that the Court dismissed in that order for which it did not grant such leave. Accordingly, the Court dismisses Plaintiff's claims for the reasons articulated in the Court's September 30, 2025 order.

**C.      Claims under state law under the court's supplemental jurisdiction**

With respect to any claims under state law not dismissed for the reasons articulated in the Court's September 30, 2025 order, the Court declines to consider them under its supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims over which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction over any of Plaintiff's claims under state law that were not dismissed for the reasons articulated in the Court's September 30, 2025 order. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Leave to amend further is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

the defects in Plaintiff's second amended complaint and supplements cannot be cured with a

further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

The Court denies Plaintiff's Rule 60(b)(4) motion. (ECF 8). The Court dismisses

Plaintiff's claims for the reasons articulated in the Court's September 30, 2025 order. The Court

declines to consider, under its supplemental jurisdiction, any claims under state law not

dismissed for the reasons articulated by the Court's September 30, 2025 order. *See* 28 U.S.C.

§ 1367(c)(3).

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:    February 17, 2026
             New York, New York

                                                        _____
                                                              Louis L. Stanton
                                                                 U.S.D.J.

10